IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRYAN HANCOCK, and<br>ALYNN MARIE HANCOCK wife,<br><br>    Plaintiffs,<br><br>vs.<br><br>RUTHERFORD COUNTY,<br>TENNESSEE,<br>and<br>MIKE FITZHUGH, SHERIFF<br>SHAWN VINSON,<br>TREY NUNLEY,<br>in their individual and official capacities,<br>    Defendants. | Case No. _____<br><br>JURY DEMAND |

## COMPLAINT

COMES NOW, the Plaintiffs, by and through undersigned counsel, and in support of their Complaint, state as follows:

### I. JURISDICTION, AND VENUE

1. This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 to redress the deprivation of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343. Venue of this action is proper pursuant to 28 U.S.C. §1391 and 28 U.S.C. §1343 because one or more defendants reside in this judicial district. Additionally, a substantial part of the events or omissions giving rise to this claim occurred within this judicial district. This Court has supplemental jurisdiction over Plaintiffs' related state-law claims, including trespass to land, conversion, pursuant to 28 U.S.C. § 1367(a) because such claims form part of the same case or controversy as the federal claims. Supplemental jurisdiction for the state related claims is

conferred upon this Court by 28 U.S.C. §1367. The Court has personal jurisdiction over Plaintiffs who are citizens and residents of Franklin County, Tennessee. The Court has personal jurisdiction over Defendant Rutherford County, who is a governmental entity in the State of Tennessee. The Court has personal jurisdiction over Defendant Mike Fitzhugh, who is a citizen, resident, and official of Rutherford County, Tennessee. The Court has personal jurisdiction over Defendant Shawn Vinson, who is a citizen, resident, and official of Rutherford County, Tennessee. The Court has personal jurisdiction over Defendant Trey Nunley, who is a citizen, resident, and official of Rutherford County, Tennessee. Defendant Rutherford County is a political subdivision of the State of Tennessee and is subject to suit under *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978).

## II. PARTIES

2. Plaintiff, Bryan Hancock (referred to herein as "Plaintiff"), is an adult resident and citizen of Franklin County, Tennessee, more particularly residing at 221 Gourdneck Road NW Tullahoma, Tennessee 37388 and is formerly employed by Defendant Rutherford County, Tennessee (sometimes referred to as "the Department").

3. Plaintiff, Alynn Marie Hancock (referred to herein as "Plaintiff Wife"), is an adult resident and citizen of Franklin County, Tennessee, more particularly residing at 221 Gourdneck Road NW Tullahoma, Tennessee 37388 and is the wife of Plaintiff Bryan Hancock and real property co-owner of 221 Gourdneck Rd NW, Tullahoma TN, 37388.

4. The Plaintiff is a former employee of the Defendant Rutherford County Sheriff's Office.

5. This Court has personal jurisdiction over Defendant Rutherford County, Tennessee, which is a municipality and governmental entity in the State of Tennessee.

6. This Court has personal jurisdiction over Defendant Mike Fitzhugh ("sometimes referred to as "the Sheriff"), who is the duly elected Sheriff and a citizen and resident of Rutherford County, Tennessee. He has been sued in his official and his individual capacities.

7. Defendant Shawn Vinson is employed with the Rutherford County Sheriff's Department and is sued in his individual and official capacity.

8. Defendant Trey Nunley is employed with the Rutherford County Sheriff's Department and is sued in his individual and official capacity.

### III. INTRODUCTION

9. This lawsuit arises from the warrantless and unconstitutional entry, search, and seizure conducted by the Defendants on December 12, 2024, at Plaintiffs' home, in clear violation of the Fourth and Fourteenth Amendments.

10. Defendants' conduct was intentional, willful, malicious, and in reckless disregard of Plaintiffs' constitutional rights.

### V. FACTUAL ALLEGATIONS

11. Plaintiffs are the co-owners of the real property and residence located at 221 Gourdneck Rd NW, Tullahoma TN, 37388 in Franklin County, Tennessee.

12. Plaintiff Mr. Hancock was employed by the Rutherford County and its sheriff's department from May 1, 2023, to December 11, 2024.

13. On December 12, 2024, Defendants, Defendant(s) Vinson and Nunley, acting under color of state law and in concert, arrived at Plaintiffs' home and entered without a warrant, probable cause, exigent circumstances, or consent.

14. Defendants were on the clock and at the direction of the Rutherford County Sheriff's Office while performing the warrantless entry into the Plaintiffs' home.

15. Defendants were knowingly and intentionally acting outside of their geographical limits.

16. Plaintiffs expressly instructed Defendants to wait and stay outside on the porch and denied permission to enter the home.

17. Defendants refused, stating they were following "standard operating procedures," and proceeded to push past Plaintiffs and forcibly enter and claimed, "they do this every time."

18. Defendants were visibly clothed in their sheriff's office uniform, arrived in the marked patrol unit and indications of level one of the use of force continuum.

19. Once inside, Defendants conducted a warrantless search of Plaintiffs' home, including opening containers and entering bedrooms.

20. Defendants seized Plaintiffs' personal property including a rifle bag, rifle sling, molle gear, and belt pouches.

21. Defendants hovered over Plaintiff Mr. Hancock in the bedroom, restricting his movement such that a reasonable person would not feel free to leave.

22. Defendants' conduct caused Plaintiffs fear, humiliation, emotional distress, and the deprivation of their constitutional rights.

23. Defendant Sheriff and Rutherford County have been sued for a history of clear constitutional violations and was aware of those constitutional violations continuing within its department.

24. Defendant Sheriff and Rutherford County have failed to properly train its employees.

## VI. CAUSES OF ACTION

### COUNT ONE: FOURTH AND FOURTEENTH AMENDMENT VIOLATION
### (42 U.S.C. 1983) (*Against All Named Defendants*)

25. Plaintiffs incorporate all preceding paragraphs.

26. The Fourth Amendment guarantees the right to be secure in one's home against unreasonable searches and seizures.

27. Defendants were not responding to an emergency, exigent circumstance, or immediate danger that would justify a warrantless entry.

28. Defendants, acting under the color of state law, entered Plaintiffs' home without a warrant, probable cause, or consent, and without any valid exigent circumstances.

29. Defendant's conduct was objectively unreasonable and deprived Plaintiff of rights secured by the Fourth Amendment.

30. As a direct and proximate result of Defendant's actions, Plaintiffs suffered damages including emotional distress, invasion of privacy, and other non-economic harms.

31. Defendant's conduct was willful, malicious, and in reckless disregard for Plaintiffs' constitutional rights, entitling Plaintiffs to punitive damages.

32. Defendant through its policies, customs, tolerances, and failure to train and supervise officers, encourage, and permitted a warrantless entry into Plaintiff's home, constituting deliberate indifference to the constitutional rights of residents.

33. Defendants' illegal actions were encouraged and ratified by Rutherford County and its duly elected sheriff.

34. Plaintiffs are entitled to compensatory and punitive damages, and attorney's fees against Defendants, in an amount to be determined according to proof.

### COUNT TWO: MUNICIPAL LIABILITY ALLEGATIONS
*(Against Defendant Rutherford County)*

35. Plaintiffs incorporate all preceding paragraphs.

36. Upon information and belief, Defendant Rutherford County has maintained official or informal polices, widespread customs, or tolerated practices that were the moving force behind the deprivation of Plaintiff's clearly established constitutional rights, including:

37. A failure to adequately train officers regarding the clearly established Fourth and Fourteenth Amendment rights of civilians to be free of entry into their homes without a warrant, probable cause, or consent.

38. A failure to discipline or retrain officers who violate these rights thereby fostering a culture in which officers feel empowered to suppress constitutionally protected rights without consequence.

39. A failure to train officers on the duty to identify and consider Constitutional protections.

40. A failure to implement appropriate supervisory review or investigative protocols to ensure that officers assess all rights of civilians.

41. A custom or practice of permitting such clear violations of citizens' constitutional rights.

42. Upon information and belief, Rutherford County is on notice of similar violations of law and failed to properly train and supervise.

43. Upon information and belief, Plaintiffs are not the first individuals to experience clear violations of their constitutional rights and to be detained by the Rutherford County Sheriff's office through its officers.

44. These failures were known to policymakers within the Rutherford County Sheriff's Department, who either affirmatively sanctioned the practices or exhibited deliberate indifference by failing to correct them in the face of repeated or obvious constitutional violations.

45. Rutherford County's failure to adequately train, supervise, or discipline its deputies with respect to these recurring situations constituted deliberate indifference to the constitutional rights of individuals, including Plaintiffs, and was the moving force behind the Fourth and Fourteenth Amendment violations alleged herein.

**COUNT THREE: FIRST AND FOURTEENTH AMENDMENT VIOLATIONS (42 U.S.C. § 1983)**
*(Defendants Individually)*

46. Defendants acted maliciously, willfully, and in wanton and reckless disregard, under the color of law, and in disregard of Plaintiffs' constitutional rights, in order to chill the exercise of such rights by Plaintiffs, and for other ill-conceived motives, as such, the Defendants are liable under 42 U.S.C. §1983 and as a direct and proximate result, Plaintiffs' suffered injuries including the deprivation of their federally protected constitutional rights.

47. As the Defendants were acting outside of the geographical limits of Rutherford County and without a warrant or other exception to the Plaintiffs' constitutional rights, Defendants' actions are unlawful *per se*.

48. Defendants had no statutory authority to enter a home in another county, and the entry is unlawful even before the constitutional analysis begins.

49. Because warrantless home entry without exigency is a clearly established violation, Defendants should be denied any qualified immunity.

**COUNT FOUR: CONVERSION**
*(Against All Defendants)*

50. Under Tennessee law, conversion is the intentional exercise of dominion or control over another's personal property that seriously interferes with the owner's rights.

51. Defendants intentionally seized and removed Plaintiffs' personal property without consent, lawful authority, or legal justification.

52. Defendants' actions constituted intentional and unauthorized control and dominion over Plaintiffs' personal property.

53. Defendants' conduct substantially interfered with Plaintiffs' rights of possession, use, and enjoyment of their property.

54. As a direct and proximate result, Plaintiff suffered damages including loss of possession, loss of use, and other compensatory damages.

55. Defendants' conduct was willful, intentional, reckless, and in conscious disregard of Plaintiffs' rights, entitling Plaintiffs to punitive damages under Tennessee law.

### COUNT FIVE: TRESPASS TO LAND
*(Against All Defendants)*

56. Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

57. Under Tennessee law, trespass to land occurs when a person intentionally enters or remains upon the land of another without permission or consent.

58. Defendants' physical intrusion onto Plaintiffs' land and into their home was intentional, unauthorized, and unlawful, constituting a trespass under Tennessee law.

59. As a direct and proximate result of Defendants' trespass, Plaintiffs suffered harm including emotional distress, humiliation, disruption of peace and privacy, interference with the quiet use and enjoyment of their property, and other damages.

60. Defendants' actions were willful, malicious, oppressive, and in reckless disregard of Plaintiffs' property rights, entitling Plaintiffs to an award of punitive damages.

### COUNT SIX: INVASION OF PRIVACY
*(Against all Defendants)*

61. Defendants, acting individually and under color of state law, intentionally and without lawful justification entered Plaintiffs' home without a warrant, without consent, without

exigent circumstances, and without any statutory authority to act outside the county in which they were sworn.

62. Defendants' conduct constituted an unreasonable, unauthorized, and highly offensive intrusion into Plaintiff's private residence and personal seclusion.

63. Tennessee law recognizes a cause of action for invasion of privacy where a defendant intentionally intrudes, physically or otherwise, upon the solitude, seclusion, or private affairs of another in a manner that would be highly offensive to a reasonable person. The home is the area of privacy afforded the highest constitutional and common-law protection, and Defendants' warrantless and jurisdictionally unauthorized entry violated Plaintiff's rights under Article I, § 7 of the Tennessee Constitution and Tennessee common law.

64. As a direct and proximate result of Defendants' unlawful intrusion, Plaintiff has suffered emotional distress, fear, humiliation, disruption of peace and security within the home, and other damages in an amount to be proven at trial.

**WHEREFORE**, Plaintiffs seek Judgment against all the Defendants, individually and jointly and pray for the following relief:

**(a)** That Plaintiffs are awarded their reasonable attorney's fees;

**(b)** That all court costs, and such attorney fees as are allowable under 42 U.S.C. §1988, be awarded;

**(c)** That because there exists between the parties an actual, justiciable controversy for which Plaintiff is entitled to a declaration of rights and further injunctive and other relief from the facts, conditions, and circumstances set forth, Plaintiffs would ask that the Court issue appropriate injunctions and Orders as will deter such misconduct by Rutherford County now and in the future;

**(d)** That Plaintiffs be awarded nominal damages, compensatory damages, punitive

damages, attorney fees, costs, and expenses, for pre and post judgment interest on all damages awarded.

**(e)** That a jury is demanded.

**(f)** That Plaintiffs be awarded costs and expenses of this action;

**(g)** That Plaintiffs property be returned including damages in an amount to be determined at trial;

**(h)** That Plaintiffs be awarded prejudgment and post judgment interest;

**(i)** That Plaintiffs be awarded punitive damages in amount to be determined by a jury; and

**(j)** That Plaintiffs be granted such other further general and/or special, legal and/or equitable relief to which they may be entitled, or the Court deems just and proper.

Respectfully submitted,
DANA LOOPER LAW, PLC

BY: /s/ Dana R. Looper
Dana R. Looper, Esq. (#036859)
472 E. Spring Street
Cookeville, TN 38501
P: (931) 559-3529
F: (931) 559-3540
Email: danalooper@danalooperlaw.com

*Counsel for the Plaintiffs*